UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARLOS SANCHEZ,

                                                                          **REPORT AND**
                          Plaintiff,                        **RECOMMENDATION**

v.                                                                        17-CV-00455(LJV)(JJM)

THE CITY OF BUFFALO, et al.,

                                            Defendants.
_____

        Plaintiff commenced action *pro se*, pursuant to 42 U.S.C. §§1983, 1985 and 1986 alleging, *inter alia*, false arrest, malicious prosecution, and conspiracy. Complaint [1].[1] Before the court is the amended motion[2] of defendant Hon. Brenda M. Freedman, an Erie County Family Court Judge, to dismiss the Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1) [15]. The motion has been referred to me by District Judge Lawrence J. Vilardo for initial consideration [8].

        By Text Order dated November 4, 2019 [16], a copy of which was mailed to plaintiff at the address he provided, I required his response to defendant's amended motion by November 27, 2019. Since that Text Order was not returned as undeliverable, I assume that plaintiff received it. *See* L.R. Civ. P. 5.2(d) ("[a] party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant. The Court will assume that the litigant has received papers sent to the address they provide"). For the following reasons, I recommend that the amended motion be granted.

---

[1]     Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

[2]     Plaintiff filed an initial motion to dismiss [13], and later that same day filed the amended motion [15].

BACKGROUND

Plaintiff alleges that he filed a child custody petition in Erie County Family Court in January 2015 for his then four-month-old son. Complaint [1], ¶14. Judge Freedman presided over the petition, and in February 2016 she granted plaintiff limited custody on specified dates and times. Id. He further alleges that despite several requests, Judge Freedman failed to specify a location where plaintiff and the child's mother could exchange the child, instead leaving it up to them to "figure out the exchange location" (id., ¶¶17-20), as a result of which the child's mother called the police, leading to his false arrest during a May 2016 exchange. Id., ¶¶26-32. He sues Judge Freedman in both her individual and official capacities (id., ¶8), seeking only monetary damages. Id., §IX Prayer for Relief.

In moving to dismiss, Judge Freedman argues that plaintiff's official capacity claim against her is barred by Eleventh Amendment immunity, and that she is entitled to absolute immunity for the alleged actions, which were within the scope of her judicial responsibilities. Defendant's Memorandum of Law [15-1], pp. 2-3. Although plaintiff has failed to respond to the amended motion, I "must review [its] merits . . . and determine whether the movant has carried [her] burden". Anderson v. Pedalty, 2015 WL 1735192, *1 (W.D.N.Y. 2015).

DISCUSSION

A.   **Official Capacity Claim**

"The Eleventh Amendment . . . bars claims for money damages against state officials acting in their official capacities." Zeigler v. New York, 948 F.Supp.2d 271, 281 (N.D.N.Y. 2013). This extends to state judges. See Myers v. Cholakis, 2008 WL 5147042, *2

(N.D.N.Y. 2008) ("to the extent Myers purports to sue Judge Cholakis in her official capacity as a New York State Judge, such claims are barred by the Eleventh Amendment"); Ziegler, 948 F.Supp.2d at 282.  Therefore, I recommend that the claims asserted against Judge Freedman in her official capacity be dismissed.

**B.      Individual Capacity Claim**

"While the Eleventh Amendment does not extend to judicial officers in their individual capacity, it is, however, well established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages." Sundwall v. Leuba, 28 Fed. App'x 11, 12-13 (2d Cir. 2001) (Summary Order).  *See* Franklin v. Warren County D.A.'s Office, 2009 WL 161314, *5 (N.D.N.Y. 2009) ("Franklin's suit may not be maintained against Judge Hall or Hogan because they are entitled to absolute immunity in their personal capacities and sovereign immunity in their official capacities as state officials").

"[E]ven allegations of bad faith or malice cannot overcome judicial immunity". Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). However, judges are "not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity" or "taken in the complete absence of all jurisdiction". Mireles v. Waco, 502 U.S. 9, 11-12 (1991). To determine whether an act is taken in judicial capacity, courts look "nature of the act itself, *i. e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349, 362 (1978).

Here, the Complaint [1] itself alleges that Judge Freedman was "at all times relevant . . . acting . . . *within* the scope of her employment". Id., ¶8 (emphasis added). Nor is there any allegation (or indication) that Judge Freedman's alleged conduct, even if erroneous, was taken in "the complete absence of all jurisdiction". Mireles, 502 U.S. at 12. Therefore, I recommend that the claims asserted against Judge Freedman in her individual capacity also be dismissed.

C.   **Leave to Replead**

The Second Circuit has cautioned that "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated". Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Nonetheless, a court may deny leave to replead where "repleading would be . . . futile". Id. Since plaintiff's claims against Judge Freedman fail a matter of law, any attempt to replead would be futile, and therefore I recommend that the dismissal be with prejudice. See Peterson v. Kyler, 2016 WL 4257308, *3 (N.D.N.Y.), adopted, 2016 WL 4257357 (N.D.N.Y. 2016) (since "[t]he defendants are entitled to absolute immunity for their conduct . . . . the court recommends dismissing the action with prejudice").

**CONCLUSION**

For these reasons, I recommend that Judge Freedman's amended motion to dismiss [15] be granted, and that the Complaint be dismissed with prejudice as against her. Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by April 6, 2020. Any requests for extension of this

deadline must be made to Judge Vilardo.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision".  Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

      Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.  Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

      The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  March 18, 2020

                /s/ Jeremiah J. McCarthy
                JEREMIAH J. MCCARTHY
                United States Magistrate Judge