UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARLOS M. SANCHEZ,

                                        Plaintiff,                        17-CV-455

        -against-
                                                            **AMENDED AND**
THE CITY OF BUFFALO, et al.,                                **SUPPLEMENTAL COMPLAINT**
POLICE OFFICER BRANDON HAWKINS[1],
POLICE OFFICER LAUREN TRIPP[2],
POLICE OFFICER COREY ESPINOSA[3],
POLICE OFFICER LT. MICHAEL FARLEY[4]

                                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff, **CARLOS M. SANCHEZ**, Pro Se, as and for his Complaint against the above-

captioned defendants, files this Amended and Supplemental Complaint alleging as follows:

## I.        NATURE OF CLAIMS

1.   This is an action for damages and injunctive relief caused by defendants' violation

of plaintiff rights secured by:

        a.   42 U.S.C. § 1983,

        b.   42 U.S.C. § 1985 (2),

        c.   42 U.S.C. § 1985 (3),

        d.   42 U.S.C. § 1986,

        e.   Fourth, Fifth, Eight and Fourteenth Amendment to the Constitution of the United

             States.

---

[1] note that pursuant to Fed. R. Civ. P. Rule 15, BPD Police Officer Brandon Hawkins, is added as a defendant.
[2] note that pursuant to Fed. R. Civ. P. Rule 15, BPD Police Officer Lauren Tripp, is added as a defendant.
[3] note that pursuant to Fed. R. Civ. P. Rule 15, BPD Police Officer Corey Espinosa, is added as a defendant.
[4] note that pursuant to Fed. R. Civ. P. Rule 15, BPD Lieutenant Michael Farley, is added as a defendant.

## II.   JURISDICTION AND VENUE

2.   Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343.

3.   Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because

Plaintiff and all Defendants either reside in this district or have their principal place of business

in this district, and all events giving rise to Plaintiffs' claims occurred within this judicial district.

4.   Notice of Claim was served well in advance of the filling of this lawsuit in a manner

consistent with the provisions of New York General Municipal Laws.

## III.   PARTIES

5.   Plaintiff, Carlos M. Sanchez, is a citizen of the United States and a resident of the

County of Erie and State of New York.

6.   Defendant THE CITY OF BUFFALO is and at all times relevant herein a Municipal

Corporation, Governmental entity duly authorized to operate under the Laws of the State of New

York, employer and principal of defendants herein, responsible for promulgating policies,

practices, protocols and customs for its Police Department,

7.   Defendant THE BUFFALO POLICE DEPARTMENT (herein referred to as The BPD),

A fully operational police department acting under the auspices of Federal, State and Local

Laws, operated and supervised by the Defendant; The City of Buffalo. The BPD, through its

command structure and internal affairs division is among other responsible for training,

monitoring and supervision of its duly authorized police officers. The BPD is sued in its official

capacity.

8.   Defendant LIEUTENANT MICHAEL FARLEY (hereinafter referred to as

Lt. Farley), a duly appointed police officer employed by the City of Buffalo and at all times

relevant to the allegations made in this complaint, who acting under Color of State and Local

Laws and within the scope of his employment, is sued in his official and individual capacity. Lt.

2

Farley as officer with the rank of lieutenant within "the BPD" and for the City of Buffalo, carries

the duty to ensure and guarantee that the police officers under his supervision act at all times

within lawful practices, protocols and customs under the laws.

9. Defendant OFFICER BRANDON HAWKINS (hereinafter referred to as

Officer Hawkins), a duly appointed police officer employed by the City of Buffalo and at all

times relevant to the allegations made in this complaint, who acting under Color of State and

Local Laws and within the scope of his employment, is sued in his official and individual

capacity.

10. Defendant OFFICER LAUREN TRIPP (hereinafter referred to as

Officer Tripp), a duly appointed police officer employed by the City of Buffalo and at all times

relevant to the allegations made in this complaint, who acting under Color of State and Local

Laws and within the scope of his employment, is sued in her official and individual capacity.

11. Defendant COREY ESPINOSA (hereinafter referred to as Officer

Espinosa), a duly appointed police officer employed by the City of Buffalo and at all times

relevant to the allegations made in this complaint, who acting under Color of State and Local

Laws and within the scope of his employment, is sued in his official and individual capacity.

## IV.    STATEMENT OF FACTS

12. Defendants individuals herein named are legally responsible, in whole for the violations,

injuries and damages sustained by the Plaintiff at the result of their unlawful acts.

13. Defendants named individuals are sworn police officers under oaths whose duty to police

and operate shall be in a manner that shall not infringe upon rights, as protected by the Fourth,

Fifth, Eight and Fourteenth Amendment to the Constitution of the United States and by other

Federal, State and Local laws, of individuals and citizens within their jurisdiction.

3

14. Defendants governmental authorities named herein are responsible, in whole for their failure to responsibly supervise, train and discipline their employees.

15. At all relevant times, all named Defendants have acted or failed to act, as herein alleged, under color of State Law.

16. The violations herein alleged violated Plaintiff Constitutional rights, Federal State, Local and Statutory laws, codes and statutes as set forth in this Complaint leading to Plaintiff being falsely arrested, incarcerated and maliciously prosecuted, which evolved as follows:

17. On or about October 27th, 2018, Plaintiff was performing some maintenance, household work in his residence's driveaway located at 113 Massachusetts Ave. in the City of Buffalo NY. And in which, was using various power tools.

18. After completing the work outside that day, Plaintiff moved his power tools to the porch to further bring them inside his residence. Plaintiff entered the how for about five minutes and when he came back outside his power tools were gone.

19. Soon thereafter, plaintiff went to his neighbor across the street who owns an installed surveillance camera system and in which several of his cameras are within range of Plaintiff residence, adjacent public street and sidewalks.

20. Plaintiff successfully located footage of two individuals entering the porch in his residence and stealing the power tools. Several angles of the activity were recorded and preserved. Soon after, after driving around the neighborhood, the whereabouts of the two individuals was not found that day.

21. On or about November 2nd 2018, a Friday at about 4:30 PM, Plaintiff was in his driveaway in his car when two individuals who perfectly did walk, look and fit the two individuals seem in the surveillance stealing the tools walked past in front of the plaintiff.

Plaintiff analyzed their behavior and their direction for a few minutes and then decided to approach them.

22. A few minutes later Plaintiff did approach the individuals at the corner of Massachusetts Ave. and Prospect Ave.

23. While both individuals did flee on foot, Plaintiff was able to hold one of them. While holding the individual, Plaintiff dialed 911 from his cellphone, explained the situation and requested officers to be dispatched to which the 911 operator indicated that they were on their way.

24. While waiting for the police, the individual admitted to stealing the power tools, with specificity, asking it Plaintiff was requesting the "Welder and the Red circular Saw" and offered to return them if Plaintiff would not involve the police. Believing that the right thing to do was being done, Plaintiff declined that offer and awaited the police to show up.

25. About five minutes later, Officer Hawkins, officer Tripp and Officer Espinosa arrived in two marked BPD vehicles.

26. Officer Espinosa, upon belief, stayed in or around his police vehicle, officer Hawkins approached the Plaintiff and officer Tripp did approach the alleged suspect individual.

27. Plaintiff explained the incident and situation to officer Hawkins and also showed him the surveillance footage in his cellphone. Officer Hawkins asked Plaintiff for his I.D to which plaintiff provided his Driver's License. And soon thereafter, officer Hawkins asked Plaintiff to get in the back of the police vehicle while officer Hawkins joined officer Tripp in talks with the suspect individual.

28. The suspect individual, was a Hispanic male unable to speak fluent English and upon belief nor officer Hawkins neither officer Tripp speak Spanish.

29. Moments later, Plaintiff was taken out from the police vehicle and was informed that he was going to be allowed to go because the alleged suspect individual did not want to press charges. In disbelief for the mistaken resolution, Plaintiff exchanged dialogue with the officers that a mistake was being done, and that they should not let the individual go free, that evidence supporting the theft was available clearly identifying the suspect and that the suspect himself confessed to stealing the tools. And suggesting that at least, the suspect should be identified for further complaint.

30. The reply was that "you are lucky that he doesn't want to press charges and you are not getting arrested".

31. Without further argument plaintiff asked the officers for their names and indicated that he would go and speak with their supervisor. The officers complied by giving their names and indicating that Lt. Farley at the "B-District" was their supervisor.

32. Plaintiff, with his son who had joined the incident, proceeded to drive to the "B-District" police station.

33. When arriving there, the three officers were already in the parking lot, Officer Espinosa approached and tried to threaten and intimidate Plaintiff for going inside the station to which officer Hawkins told him "it's ok, let him go inside".

34. When inside the police station, Lt. Farley came out to the lobby and after just moments talking, the other three herein named officer joined the conversation and suddenly Plaintiff was asked if he wanted to get arrested for assault and without further questions Plaintiff was handcuffed, placed under arrest and taken to booking for processing.

35. Plaintiff was handcuffed, physically pushed in the back of the police car, verbally and offensively threatened and abused by officer Hawkins and Lt. Farley, further Strip searched,

6

Mugshoed and unlawfully charged with fabricated charges and thrown in jail deprived of his freedom.

36. The next day, weist-chained humiliated and presented in front of the court as a criminal.

37. And further, given the financial burden of having to post bail in order to get out of jail.

38. Plaintiff was falsely charged with:

(1) Assault with a weapon with intention to cause physical injury (a Class D Felony),

(2) Assault in the third degree (a Class A Misdemeanor),

(3) Menacing in the Second Degree (a Class A misdemeanor)

39. Even after being bailed out, Plaintiff was precluded from formally file the complaint of stolen property by being forced by threat to leave the police station or face more harm. Further, not only the charges were fabricated where no crime or complainant existed, but also that the charging instrument was so flawed that prosecution carried a complaint where the complainant was Officer Hawkins and the "Plaintiff" was the defendant to the fabricated charges as well as the "Witness" to the said fabricated charges.

40. After fighting for such said fabricated charges, the case wasn't dismissed until January 8th, 2019. And even after the dismissal, as customarily had being done by the City Judge (more specifically Hon. James A. Mcleod) and the Prosecution, the charges were attempted to be unfavorably discharged or dismissed in order to prevent Plaintiff remedy and justice for his sustained injuries and violations.

41. Defendants, and each of them violated all applicable codes, statutes, laws, rules, regulations and ordinances.

42. Defendants, and each of them failed to exercise the degree of skill, due process and diligence to which Plaintiff was entitled.

43. Defendants, and each of them failed to use such care in the performance of police duties and procedures as reasonably prudent and careful police officers would have used under similar circumstances.

44. Defendants, The City of Buffalo failed to employ efficient, competent and qualified agents, servants and/or employees.

45. Defendant, The City of Buffalo, was negligent in the hiring, training, management, control, supervision and inspection of their agencies, programs, employees, officers or agents.

46. Defendant, The BPD, failed to comply with Civil and Constitutional citizens' rights promulgated by the BPD, and that said employees violated the internal rules, regulations, manuals, protocols and guidelines of said Defendant herein.

47. Defendants, and each of them herein abused their authority, violating and failing to protect Plaintiffs Constitutional and Civil Rights.

48. Plaintiff was deprived of his rights, privileges and immunities secured by the Constitution and laws of the United States of America by one who under color of a statute or regulation of a State caused Plaintiff to be so deprived of Plaintiffs rights and privileges secured to him under the Constitutions of the United States of America and the State of New York by the agents, servants and employees of the CITY OF BUFFALO and the BPD.

## V.      FIRST CAUSE OF ACTION
### *(42 U.S.C. § 1983, 4th, 5th, 8th and 14th Amendments of the United States Constitution; False Arrest and Malicious Prosecution)*

49. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 48 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

8

50. This action at law for damages arises under 42 U.S.C. § 1983 and the United States Constitution, under the Fourth, Fifth, Eight and Fourteenth Amendments, Local and State laws principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, Laws and Amendments rights.

51. Commencing at or about the aforementioned date and place, without cause or justification, and while acting under color of law, all individual named Defendants and each of them, intentionally and maliciously deprived Plaintiff of rights secured to him by the Fourth and Fourteenth Amendments to the United States Constitution in that Defendants and each of them, subjected Plaintiff to unlawful and wrongful arrest, unlawful and wrongful incarceration,   and unstained, fabricated criminal charges and prosecution.

52. Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of his rights by participating in a corrupt effort to illegally seize without probable cause, book, and prosecute Plaintiff on false charges manufactured and supported by Defendants.

53. Defendants, police officers, and each of them, did not have probable cause to believe that Plaintiff was committing, had committed or would commit any crime.

54. Defendants, and each of them caused Plaintiff to be arrested and imprisoned without probable cause or legal justification.

55. Defendants, and each of them, were objectively unreasonable under the circumstances and were undertaken intentionally with malice, willfulness, and reckless indifference to the rights of Plaintiff.

56. The actions of the individual Defendants, and each of them, were undertaken within the scope of their employment with The City of Buffalo.

9

57. The City of Buffalo is liable as principal for all torts committed by its agents, officers and employees.

58. As a result of the actions by the Defendants, and each of them, Plaintiff has sustained physical, emotional and financial injuries.

59. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain, fear, anxiety, torment, degradation, humiliation, powerless, emotional distress, loss of liberty and loss of enjoyment of life.

60. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff incurred loss of business and litigation expenses.

61. In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was kept from attending his usual occupation, and has suffered loss and impairment of earnings and business opportunities.

62. By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to dedicate enormous time to redress the wrongs hereinbefore mentioned.

63. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the sole intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights, placed under arrest without probable cause solely on fabricated unstained charges and by reason thereof, Plaintiff seeks punitive, exemplary and any other applicable redress and recovery damages from Defendants, and each of them.

64. The individual Defendants' actions were undertaken within the scope of their employment, while on duty, and under color of law.

## VI.   SECOND CAUSE OF ACTION
### (42 U.S.C. § 1985 (2) Conspiracy to interfere with civil rights; Depriving persons of rights or privileges)

65. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 48 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

66. By virtue of the foregoing, all individual Defendants conspired for the purpose of obstructing justice by impeding, hindering, obstructing, and defeating, the due course of justice with intent to deny to Plaintiff the equal protection of the laws, and to injure him and his property for lawfully enforcing, and attempting to enforce, his right and equal protection of the laws.

67. Defendants, and each of them, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, whereby Plaintiff was deprived of the rights and privileges as set forth above.

68. As a direct proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages, including, but not limited to those recited in relief.

## VII.   THRID CAUSE OF ACTION
### (42 U.S.C. § 1985 (3) Conspiracy to interfere with civil rights; Depriving persons of rights or privileges)

69. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 48 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

70. By virtue of the foregoing, all individual Defendants conspired for the purpose of depriving Plaintiff of (a) equal protection of the law; and (b) equal protection and immunities under the law; and for the purpose of preventing and hindering the constituted authorities from

giving and securing to Plaintiff equal protection of the law an deprivation of liberty and property without due process of law.

71. Defendants, and each of them, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, whereby Plaintiff was deprived of the rights and privileges as set forth above.

## VIII.   FOURTH CAUSE OF ACTION
### *(42 U.S.C. § 1986 Action for Neglect to Prevent)*

72.  Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 48 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

73.  By virtue of the foregoing, all Defendants had knowledge Plaintiff was being subjected to a deprivation of his constitutional rights and that a 42 U.S.C. § 1985 (2),(3) conspiracy violation was been committed, each and any of the individual defendants had the power to prevent or aid in preventing the commission of the same, but neglected or refused to do so. In so allowing such wrongful 42 U.S.C. § 1986 act be committed.

74.  As a direct proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages, including, but not limited to those recited in relief.

## IX.    FIFTH CAUSE OF ACTION
### *(Intentional Infliction of Emotional Distress)*

75. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 48 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

76. All individual Defendants, by specifically false arresting, incarcerating and maliciously prosecuting among others, denying Plaintiffs civil and constitutional rights without any legitimate legal reason other than to abuse the power given to them, Defendants, and each of them engaged in extreme and outrageous conduct under the circumstances.

77. The individual Defendants' actions were taken intentionally with malice, willfulness, and reckless indifference to the rights and safety of Plaintiffs.

78. The actions of the individual Defendants were undertaken within the scope of their employment such that the City of Buffalo as principal is liable for all torts committed by its agents.

79. As a direct and proximate result of the actions of the individual Defendants, Plaintiff have sustained damages, including without limitation emotional distress.

## X.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants and requests that this Court:

a. Declare defendants' conduct, acts, omissions and practices complained of herein to be violations of plaintiff's secured Civil and Constitutional rights as aforementioned.

b.  Award Plaintiff actual, direct and consequential damages in an amount to be determined at trial against all Defendants.

c. Award Plaintiff compensatory damages in an amount to be determined at trial for pain and suffering, humiliation, mental anguish, emotional distress, loss of enjoyment of life and loss of liberty sustained by plaintiff.

d. Award Plaintiff punitive damages as provided by law, determined at trial against Defendants.

e.   Award Plaintiff reasonable attorney's fees and/or including but not limited to costs

Plaintiff incurred in prosecuting this action, and

f.   Grants Plaintiff such other and further relief as the Court deems just and proper.

## XI.   JURY DEMAND

Plaintiff hereby demands a trial by jury in this action, pursuant to Federal Rule of Civil

Procedure 38(b), on all issues of fact and damages arising herein.

Respectfully submitted,

**I declare under penalty of perjury that the foregoing is true and correct.** *28 U.S.C. § 1746*

Dated and executed: this July 16th, 2020
Buffalo, New York

CARLOS M. SANCHEZ
Pro-Se Plaintiff
113 Massachusetts Ave.
Buffalo, NY 14213
(716) 563-2517
Dj13sanz@gmail.com