UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARLOS M. SANCHEZ,

        Plaintiff,

   v.

THE CITY OF BUFFALO, *et al.*,

        Defendants.

17-CV-455-LJV-JJM
DECISION & ORDER

---

On May 23, 2017, the *pro se* plaintiff, Carlos M. Sanchez, commenced this action under 42 U.S.C. § 1983 against the City of Buffalo, the Buffalo Police Department ("BPD"), five BPD officers, and the Honorable Brenda M. Freedman.[1]  Docket Item 1. On September 28, 2022, this Court granted in part and denied in part the defendants'

---

[1] Sanchez's claims against Judge Freedman were subsequently dismissed. Docket Item 19.  After the case was referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Docket Item 8, Sanchez moved to amend his complaint, Docket Item 23.  He then filed an "Amended and Supplemental Complaint" naming three additional BPD officers and one BPD lieutenant as defendants.  Docket Item 25.  Judge McCarthy granted the motion to amend, Docket Item 24, and construed Sanchez's filing as supplementing the original complaint rather than superseding it, *id.*; Docket Item 51 at 1 n.2; *see also* Docket Item 69 at 1 n.1 (summarizing that series of events).  So as this Court noted in its previous order, the case currently proceeds against the City of Buffalo, the BPD, eight BPD officers, and one BPD lieutenant.  *See* Docket Item 69 at 1 n.1.

      The original complaint raised claims arising from a 2016 arrest and prosecution, Docket Item 1, and the amended complaint added claims resulting from an arrest and prosecution in 2018, Docket Item 25.  Presumably because, as discussed below, the motion for reconsideration addresses only the malicious prosecution claim arising from the 2016 arrest, it was brought on behalf of only the defendants named in the original complaint: the City of Buffalo, the BPD, Lindsay A. Laracuente-Zgoda, Lamar M. McCulley, Mark P. Andrzejak, Michael J. Palizay, and Maurice A. Foster ("the moving defendants").  Docket Item 86; *see* Docket Item 1.

motion for summary judgment.  Docket Item 69.  The Court held that three of Sanchez's claims could proceed, including his malicious prosecution claim regarding the second-degree obstruction of governmental administration and child endangerment charges arising from his May 2016 arrest.  *Id.* at 21; *see also id.* at 18-20.

On November 21, 2023, the moving defendants filed a motion for reconsideration of the portion of the Court's decision denying summary judgment on Sanchez's 2016 malicious prosecution claim.  Docket Item 86 at 1.  Sanchez then responded,[2] Docket Item 90, and the moving defendants replied, Docket Item 93.

For the reasons that follow, the moving defendants' motion for reconsideration is denied without prejudice to their filing a motion for judgment as a matter of law at the time of trial.

## **DISCUSSION**

"[Federal] Rule [of Civil Procedure] 54(b) gives district courts broad discretion to reconsider, reverse, or modify interlocutory orders previously entered in a case." *Vornado Realty Tr. v. Marubeni Sustainable Energy, Inc.*, 987 F. Supp. 2d 267, 275 (E.D.N.Y. 2013).  Notwithstanding that discretion, the Second Circuit has held that "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

---

[2] The moving defendants argue that Sanchez's response—which was filed more than a month after their motion for reconsideration, rendering it late under the Local Rule of Civil Procedure—was untimely and therefore should not be considered by the Court.  Docket Item 93 at 1; *see* Local Rule of Civil Procedure 7(b)(2)(B).  In light of Sanchez's *pro se* status and the fact that this Court did not set a briefing schedule for the motion, it excuses Sanchez's late filing.  But even if it did not consider Sanchez's response, the Court would deny the defendants' motion for the reasons stated here.

2

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and internal quotation marks omitted).

The moving defendants argue that a "change in the controlling law" justifies reconsideration here. Docket Item 86 at ¶ 11 (citation omitted). The "change" they point to is the Supreme Court's decision in *Thompson v. Clark*, 596 U.S. 36 (2022), which held that "[t]o demonstrate a favorable termination of a criminal prosecution for purposes of . . . [a] claim under [section] 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction," *id.* at 39. That case abrogated a Second Circuit decision holding that "a plaintiff asserting a malicious prosecution claim under [section] 1983 must . . . show that the underlying criminal proceeding ended in a manner that affirmatively indicates [the plaintiff's] innocence." *See Lanning v. City of Glen Falls*, 908 F.3d 19, 22 (2d Cir. 2018); *see also Thompson*, 142 S. Ct. at 41 (discussing *Lanning*).

The problem with the moving defendants' argument is that *Thompson* was decided before the decision that they are now asking this Court to reconsider. The moving defendants appear to argue that *Thompson* nonetheless constitutes an "intervening change of controlling law," *see Virgin Atl. Airways*, 956 F.2d at 1255, because it was decided after the defendants moved for summary judgment, *see* Docket Item 86 at ¶¶ 9-11. They say "[w]hen the defendants moved for summary judgment,"

3

they "believed that the plaintiff's malicious prosecution claim would be dismissed on the ground that he could not show that he received a favorable termination on the merits in the criminal case." *Id.* at ¶ 10. And so, they explain, they did not address other arguments in support of their motion, such as whether they had "probable cause" to charge Sanchez in connection with the 2016 incident. *See id.* Now, they would like to address those additional issues.

The Court finds that those circumstances do not transfigure *Thompson* into an "intervening change of law" sufficient to justify reconsideration of the Court's previous decision. "Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings *or to put forward additional arguments that could have been raised before the decision.*" *Ifedigbo v. Buffalo Pub. Sch.*, 2018 WL 2901331, at *1 (W.D.N.Y. June 11, 2018) (emphasis added). But that is exactly what the moving defendants seek to do here.

The moving defendants could have included their additional arguments for dismissal of Sanchez's malicious prosecution claim in their motion for summary judgment. But they did not, although there was no reason not to include the argument they make now as an alternative reason for judgment in their favor. And what is more, before this Court decided the motion for summary judgment, the defendants filed a letter discussing *Thompson* and stating that "[o]f course, a favorable termination is not the only question that is relevant to whether [Sanchez] has a valid malicious prosecution claim." Docket Item 68 at 1. But the defendants—somewhat inexplicably—did not provide any additional arguments regarding what those questions were or how this Court should decide them. *See id.* And so the Court declines to entertain such

4

arguments now. *See Benitez v. King*, 2020 WL 4933674, at *5 (W.D.N.Y. Aug. 24, 2020) ("A party may not use a motion for reconsideration to present new theories or arguments that could have been raised earlier or to otherwise take a second bite at the apple." (alterations, citation, and internal quotation marks omitted)); *Mallek v. Allstate Ins. Co.*, 2023 WL 3513783, at *2 (2d Cir. May 18, 2023) (summary order) (noting that "a new argument may not be raised in a motion for reconsideration").

## CONCLUSION

For the reasons above, this Court declines to exercise its discretion to reconsider its denial of summary judgment on Sanchez's malicious prosecution claim arising from his 2016 arrest. The moving defendants' motion for reconsideration, Docket Item 86, therefore is DENIED without prejudice to their filing a motion for judgment as a matter of law at the time of trial.

SO ORDERED.

Dated: February 15, 2024
       Buffalo, New York


　　　　　　　　　　　　　　　　　　　 */s/ Lawrence J. Vilardo*
　　　　　　　　　　　　　　　　　　　LAWRENCE J. VILARDO
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE