UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARLOS M. SANCHEZ,

                              Plaintiff,

  -against-

THE CITY OF BUFFALO, et al.,

                             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

17-CV-455

**PLAINTIFF STATEMENT OF THE CASE**

      Pursuant to the Court's directive in its pretrial order, plaintiff submit his proposed joint statement of the case for the Court to use with the jury:

The claims in this action involve two separate incidents in which in both occasions, the plaintiff Carlos Sanchez was arrested and prosecuted by the Buffalo Police Department. One incident occurred on May 16, 2016, and the other incident occurred on November 2, 2018.

### I. May 2016

      Mr. Sanchez and Mrs. Alvarez are the estranged parents of a minor child who at the time of this incident was about two years old. Around February, 2016, Erie County Family Court judge Brenda Freedman issued a custody order which granted Mr. Sanchez Access/visitation rights with the child Mondays and Wednesdays from 8am until 8pm and alternate weekends from Friday at 7pm until Sunday at 7pm. The custody order did not specify a pick-up/drop-off location to exchange the child. Because the relationship between both parents was very problematic, and because Mrs. Alvarez had in the past filed false statements against Mr. Sanchez, Mr. Sanchez formally filed a

petition in Family Court asking the Judge to address the missing exchange location issue and to establish the same to be in a public location for safety reasons.

On the morning of May 16th, 2016, Mr. Sanchez and Mrs. Alvarez went in front of Judge Freedman in where the Judge's decision during the hearing was to leave it to the parents to establish the location. Right after the court hearing, Mr. Sanchez indicated to Mrs. Alvarez that he would return the child later that day at the previously proposed public location which was the front parking lot in the Tops supermarket/burger king plaza located at exactly 6 minutes from Mrs. Alvarez home and 8 Minutes from Mr. Sanchez home at midpoint distance between both parents. Later that day, at the time that Mr. Sanchez was to drop off the child he contacted Mrs. Alvarez via text messages letting her know that he arrived at the proposed public location with the child and that he would wait another thirty minutes for her to come pick up the child. After thirty minutes waiting, Mr. Sanchez again texted Mrs. Alvarez and indicated that he was going to drive back to his home. Mrs. Alvarez never replied and instead contacted the Buffalo police. Upon arriving to his home, Mr. Sanchez received a private phone call from a person who identified herself as a police officer and who stated that she was at Mrs. Alvarez home and demanded to immediately bring the child to Mrs. Alvarez home. Mr. Sanchez indicated to the officer that there was no court order or ruling ordering he goes to Mrs. Alvarez residence to exchange the child and that he would bring the child to the police station where Mrs. Alverez could meet and pick-up the child.

Mr. Sanchez drove to the police station as he indicated and there he was detained, arrested, charged, incarcerated and prosecuted.

This court previously found that the police had no business or authority to arrest on complaints resulting from family court matters but only when there is violence complained or where

2

an order of protection from a Family Court had being issued and police have access to verify the mandate of the order using the computer in their patrol car.

Also, the jury will need to decide the facts that bear on whether the police as well had the authority to charge Mr. Sanchez with obstructing governmental administration in the second degree, and endangering the welfare of a child.

## II. November 2018

Around October 27th, 2018, Mr. Sanchez was performing some work in his home driveaway and when done he moved his power tools and equipment to his porch then went inside his home for about five minutes. When he came back out he noticed that some items were missing. After reviewing security camera footage, he learned that two individuals passing by had stolen the items.

About six days later, on October 2nd, 2018, Mr. Sanchez while on his driveaway noticed two individuals walking by matching the same characteristics as those individuals in the security camera footage. Mr Sanchez approached the individuals where suddenly one of them ran away and Mr. Sanchez held the other one. Mr. Sanchez called 911 and explained the situation to the dispatcher, he was told to wait there with the individual and the police will be there shortly.

When the police arrived, the officers decided not to arrest the individual alleged to had stolen the items and instead detained Mr. Sanchez in the back of the patrol car. Minutes after the officers indicated to Mr. Sanchez that they would not arrest the individual and that Mr. Sanchez himself was lucky they were not arresting him. Mr. Sanchez disagreed with the decision and asked the officers for their names.

Mr. Sanchez drove to the police station to speak to their supervisor and follow up with a formal complaint. Mr. Sanchez arrived at police station and was received by the officers at the parking lot and then led to their supervisor, about two minutes after, Mr. Sanchez was placed under arrest, charged, incarcerated and prosecuted.

This court previously found that the police are authorized to an arrest only where there is a complainant to a crime or when a police officer directly witness a crime.

The jury will need to decide the facts that bear on whether the police had the authority to arrest and charge Mr. Sanchez for menacing in the second degree, and assault in the second degree.

Dated this: October 8th, 2024
Buffalo, New York

_____
CARLOS M. SANCHEZ
Pro-Se Plaintiff
113 Massachusetts Ave.
Buffalo, NY 14213
(716) 563-2517
Dj13sanz@gmail.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------

CARLOS M. SANCHEZ,

                      Plaintiff,

   -against-

THE CITY OF BUFFALO, et al.,

                     Defendants.

------------------------------------

17-CV-455

**AFFIRMATION OF SERVICE**

I, CARLOS M. SANCHEZ, on October 9th, 2024, served a true and correct copy of the attached: PLAINTIFF STATEMENT OF THE CASE, to Defendant's counsel by emailing the same to the email address on file.

**I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information and belief.**

Executed this:
       October 9th, 2024

                                                SIGNATURE

TO:
    DAVID M. LEE/ Assistant Corporation Counsel
    City of Buffalo Dept. of Law
    65 Niagara Square, 1104 City Hall
    Buffalo, New York 14202